# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION AT LAFAYETTE

|                           |     |                            |
|---------------------------|-----|----------------------------|
| **PAUL D. HOPKINS,**      | )   |                            |
|                           | )   |                            |
| **Plaintiff,**            | )   |                            |
|                           | )   | **CAUSE NO. 4:09-CV-016 AS** |
| **v.**                    | )   |                            |
|                           | )   |                            |
| **SHERIFF,** *et al.*,    | )   |                            |
|                           | )   |                            |
| **Defendants.**           | )   |                            |

## OPINION AND ORDER

Paul D. Hopkins, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his

> "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. ___, ___; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Hopkins signed his complaint on February 24, 2009, therefore any claims arising before February 24, 2007 are barred by "Indiana's two-year statute of limitations . . . [which] is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Therefore his allegations about events during the first two weeks of February 2007 do not state a claim and will be dismissed.

Mr. Hopkins states that on March 2, 2007, at 10:00 p.m., he complained to two correctional officers of "chest pains and breathing difficulties." DE 1 at 7. His blood pressure was checked and three hours later, at 1:15 a.m., he was transported to the hospital. After three more hours, while in the hospital, he had a heart attack. Mr. Hopkins alleges that the guards denied him medical treatment. On its face, this allegation is clearly false.

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Here, Mr. Hopkins report of medical distress was responded to by the guards. His blood pressure was taken and he was monitored. Three hours later, the decision was made to send him to the hospital. When he arrived there, he had not yet suffered a heart attack. But three hours after he was taken to the hospital, he had a heart attack. The guards were not deliberately indifferent, had they

been, Mr. Hopkins might not have survived to complain about them. Though he complains that he should have been transported sooner, non-visible medical claims, like chest pain, can be falsified and shortness of breath can be faked. This is why there is no legal requirement that inmates will be transported to the hospital any time they demand it and why "society does not expect that prisoners will have unqualified access to health care . . .." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore these claims will also be dismissed.

Next, Mr. Hopkins alleges that he returned to the Jasper County Jail on September 21, 2007. He states that had crutches, but that he was not allowed to have them except when he used the toilet. Wheelchairs, crutches, braces, canes, etc. are not medical treatment, they are merely aides to mobility. Therefore taking them is not a denial of medical treatment, it is merely a restriction on mobility. Prison is inherently a restriction on the mobility of a prisoner. Furthermore, A prisoner "is not entitled to demand specific care . . .." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Therefore there was no legal requirement that he be permitted to have crutches which could easily be used as a weapon.

Mr. Hopkins alleges that he got a double hernia because he moved about his cell without crutches. Given his access to crutches when he needed to use the toilet, his self inflicted injury cannot be attributed to anyone but himself. Mr. Hopkins was aware of his medical condition and his need for crutches, yet decided to unnecessarily exert himself in a way that caused him substantial injury. Though regrettable, no one at the jail can be held financially liable for those injuries. He also states that later he was transferred to other cells where he was also denied the use of his crutches, but in these new locations, he did not suffer any injury. "Because he cannot show injury, he cannot

make out a claim of deliberate indifference relating to his treatment . . .." *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000). Therefore these claims will also be dismissed.

Finally, Mr. Hopkins alleges that for nearly six months beginning around October 2007, he was denied adequate treatment for his diabetes and high blood pressure even though he was monitored while taking insulin and blood pressure medication. He alleges that his medication should have been changed. Though it appears unlikely that he will be able to prove these claims against John Doe defendants, giving him the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he states a claim and will be permitted to proceed.

Nevertheless, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore the John Doe defendants (Medical Department and Unknown CO's) will be dismissed. Though he has no claim against the Sheriff because, "[t]he doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights" *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001), service may be made on a senior official for the purpose of identifying the actual name of the defendant(s) whose name the plaintiff does not know. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). Therefore, even though he does not state a claim against the Sheriff, the court will direct service on him for the sole purpose of discovery to identify the unknown defendant(s) who denied Mr. Hopkins medical treatment for his diabetes and high blood pressure.

For the foregoing reasons, the court:

(1) **GRANTS** Paul D. Hopkins leave to proceed against the Sheriff of Jasper County for the sole purpose of discovery to identify the unknown defendant(s) who denied Mr. Hopkins medical treatment for his diabetes and high blood pressure during the approximately six months following September 21, 2007;

(2) **DISMISSES** Medical Department and Unknown CO's;

(3) **DIRECTS** the clerk to transmit the summons and USM-285's for the Sheriff of Jasper County to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service to effect service of process on the Sheriff of Jasper County ;

(5) **ORDERS** the Sheriff of Jasper County to appear and respond to discovery for the sole purpose of identifying the unknown defendant(s) who denied Mr. Hopkins medical treatment for his diabetes and high blood pressure during the approximately six months following September 21, 2007;

(6) **WAIVES** the Sheriff of Jasper County's obligation to file an answer pursuant to 42 U.S.C. § 1997e(g)(2);

(7) **DIRECTS** the clerk to place the cause number of this case on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to Paul D. Hopkins along with a copy of this order; and

(8) **ORDERS** that all discovery shall be initiated by April 7, 2009;

(9) **ORDERS** Paul D. Hopkins to file an amended complaint on or before June 25, 2009 which names, on the form provided, the defendants he has identified during discovery and presents any and all claims that he is asserting against them;

(10) **CAUTIONS** Paul D. Hopkins that if he does not file an amended complaint by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because his current complaint does not identify a defendant against whom to state a claim.

**IT IS SO ORDERED.**

**ENTERED: March 4, 2009**

_____/s/ ALLEN SHARP_____
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**