UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| PAUL D. HOPKINS, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 4:09-CV-016 WL |
| SHERIFF OF JASPER COUNTY, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Paul D. Hopkins, a *pro se* prisoner, filed an amended complaint (DE 33-1) after having been permitted more than 6 months to conduct discovery to identify the unknown defendant(s) who denied him medical treatment for his diabetes and high blood pressure during the approximately six months following September 21, 2007. He was granted leave to conduct that discovery by this court's screening order of his original complaint on March 5, 2009. *See* DE 4. Though he raised other claims in that original complaint, they were dismissed because they did not state a claim and this one medical claim was the only claim on which he was granted leave to proceed. Nevertheless, prosecution of the one remaining claim was delayed until he identified the name(s) of the defendant(s) whom he alleged denied him medical treatment for his diabetes and high blood pressure.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949-50; 173 L. Ed. 2d 868, 884 (2009) (quotation marks, citations, and brackets omitted). In explaining this standard, the Seventh Circuit has stated:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, ___ F.3d __, ___, 08-4286, 2009 U.S. App. LEXIS 18711, 15 (7th Cir. 2009). "In

order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Initially, the court notes that Mr. Hopkins is attempting to present claims that have already been dismissed in this court's prior screening order (DE 5) which he attached to the amended complaint (DE 33-3). Because the court has already explained why those claims were dismissed, it is unnecessary to repeat those explanations in this order. Nevertheless, because they are repeated in the amended complaint, they are again dismissed with prejudice.

Next, the court notes that Mr. Hopkins is still attempting to sue unknown defendants even though he was permitted to conduct discovery for six months against the Sheriff of Jasper County to identify them and he was told that "it is pointless to include lists of anonymous defendants in federal court . . . ." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). The prior screening order dismissed the unknown defendants and they will be dismissed again.

This leaves only the Sheriff as a defendant, but he is not alleged to have been personally involved in denying Mr. Hopkins medical treatment. "The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights" *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Therefore Mr. Hopkins has no claim against the Sheriff in his individual capacity. Neither does Mr. Hopkins state an official capacity claim because "[t]o establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom." *Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). Here, Mr. Hopkins has not even alleged the existence of such a policy or custom as it relates to the denial of his diabetes and blood

pressure medication, much less has he made a plausible showing that one existed. Therefore these claims will be dismissed with prejudice.

Nevertheless, if Mr. Hopkins had named a defendant and provided a greater factual background about the medical care he recieved and how he was denied care for his diabetes and high blood pressure, it is possible that he could still state a claim against some as yet unknown defendant for a denial of medical treatment for his diabetes and high blood pressure during the approximately six months following September 21, 2007. Because he has already had six months to conduct discovery to identify the name or names of such a defendant, there is no basis for keeping this case open on the mere hope that he may one day discover these names. Therefore this claim will be dismissed, but without prejudice so that if he is able to identify such a defendant some other way, he may still file a new lawsuit.

For the foregoing reasons, the court:

(1) **DISMISSES WITHOUT PREJUDICE** the claim that Paul D. Hopkins was denied medical treatment for his diabetes and high blood pressure during the approximately six months following September 21, 2007 by unknown defendants;

(2) **DISMISSES WITH PREJUDICE** all other claims; and

(3) **DIRECTS** the clerk to enter judgment.

SO ORDERED.

ENTERED: October 2, 2009

                                                      s/William C. Lee
                                                     William C. Lee, Judge
                                                   United States District Court